# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| GAVIN MCINNES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )   CIVIL ACTION NO. |
| | )   2:19-cv-00098-MHT-GMB |
| THE SOUTHERN POVERTY LAW | ) |
| CENTER, INC. | ) |
| | ) |
|     Defendant. | ) |

## MOTION TO CONTINUE DEADLINE FOR FILING RESPONSE TO COMPLAINT

COMES NOW the Southern Poverty Law Center (the SPLC) and files this motion to continue the deadline from February 26, 2019 to April 6, 2019 for responding to the Plaintiff's Complaint. As grounds for the same, the SPLC shows as follows:

(1) Defendant agreed to accept service of the Complaint on February 5, 2019, thereby requiring a responsive pleading to be filed on or before February 26, 2019.

(2) The Complaint is sixty-one pages long. It contains more than 300 paragraphs, allegations about a wide variety of events, and multiple acts of third parties that must be investigated fully by counsel before responding.

(3) The Defamation Count itself alleges that more than ten different SPLC publications and multiple statements contained therein were defamatory. These multiple allegedly defamatory statements require investigation and analysis by counsel in connection with an appropriate responsive pleading.

(4) The Complaint presents choice of law issues that relate directly to the SPLC's affirmative defenses which must be researched before a fully informed responsive filing may be provided.

(5)     In addition, important issues of First Amendment magnitude are at stake in this litigation.  To provide the SPLC a realistic right to dispose of these issues at the earliest stage possible best protects freedom of speech.  *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (writing in the motion-to-dismiss context: "[T]here is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation").

(6)     Finally, Rule 12(a), Fed. R. Civ. P., contemplates a sixty-day period for responding to a Complaint when service is waived under Rule 4(d).  While the latter rule sets out a formal procedure and written request for waiver, the SPLC's informally agreeing to accept service was not materially different in effect.  Thus, this request, which seeks sixty days to respond to the Complaint, is in keeping with the spirit of the Federal Rules of Civil Procedure.

(7)     In short, it is in the interest of judicial efficiency and First Amendment principles that Defendant be permitted to present full briefing on issues that are due to be dismissed, which will require the additional time requested.

(8)     The SPLC has contacted counsel for the Plaintiff regarding this motion and they have consented to an extension of time up to and including March 13, 2019, but oppose the extension requested by the Defendant in this motion.

WHEREFORE, the Movant requests that this Court continue the deadline for filing a responsive pleading through April 6, 2019.

Respectfully submitted this 14th day of February, 2019.

          s/ Shannon Holliday
          Shannon Holliday [ASB-5440-Y77S]
          Robert D. Segall [ASB-7354-E68R]
          COPELAND, FRANCO, SCREWS & GILL, P.A.
          P.O. Box 347
          Montgomery, AL 36101-0347
          Email:  holliday@copelandfranco.com
          Email:  segall@copelandfranco.com
          **Attorneys for Defendant Southern Poverty Law Center**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

G. Baron Coleman
Baron Coleman Law Firm
P.O. Box 789
Montgomery, AL  36101-0789

Ronald D. Coleman (*pro hac* admission pending)
Lauren X. Topelsohn (*pro hac* admission pending)
Mandelbaum Salsburg PC
1270 Avenue of the Americas
Suite 1808
New York, NY  10020

          s/ Shannon L. Holliday
          Of Counsel