IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAVIN McINNES,<br><br>　　　　　　*Plaintiff*,<br><br>　　v.<br><br>THE SOUTHERN POVERTY LAW CENTER, INC.,<br><br>　　　　　　*Defendant*. | No. 2:19-cv-00098-MHT-GMB |

**MOTION OF AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION OF ALABAMA, AND CENTER FOR CONSTITUTIONAL RIGHTS FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The American Civil Liberties Union and American Civil Liberties Union of Alabama (collectively, "ACLU") and the Center for Constitutional Rights ("Center") move this Court for leave to file an amicus curiae brief in support of Defendant's Motion to Dismiss, ECF 17.

"District courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Mobile Cnty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp. 2d 1342, 1344, n.1 (S.D. Ala. 2008) *aff'd*, 564 F.3d 1290 (11th Cir. 2009). "Inasmuch as an *amicus* is not a party and does not represent the parties but participates only for the benefit of the court, it is solely within the

1

discretion of the court to determine the fact, extent, and manner of participation by the *amicus*." *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991) (quotation marks omitted).

"The role of an *amicus* is to assist the court 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Mobile Cnty.*, 567 F. Supp. 2d at 1344, n.1 (quoting *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991)). Courts have explained that "[a]n amicus brief should normally be allowed when . . . the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J.).

The American Civil Liberties Union is a nationwide, nonprofit, nonpartisan organization with more than 4 million members and supporters dedicated to defending the principles embodied in the Constitution and our nation's civil rights laws. The ACLU of Alabama is a state affiliate of the ACLU. The ACLU and the ACLU of Alabama have frequently appeared before courts throughout the country in First Amendment cases, both as direct counsel and as amicus curiae.

The Center for Constitutional Rights is a national non-profit legal, educational, and advocacy organization dedicated to advancing and protecting the rights guaranteed by the United States Constitution. Founded in 1966 by attorneys representing civil rights and racial justice activists in the South, the Center has litigated numerous landmark cases under the First

Amendment of the United States Constitution. *See Dombrowski v. Pfister*, 380 U.S. 479 (1965) (anti-sedition prosecutions of civil rights activists chilled First Amendment rights); *Kinoy v. District of Columbia*, 400 F.2d 761 (1968) (free speech rights in courtroom); *Soglin v. Kauffman*, 418 F.2d 163 (1969) (upholding rights of students expelled for lawful protest); *Capitol Police v. Jeannette Rankin Brigade*, 409 U.S. 972 (1972) (right to demonstrate on Capitol steps); *Texas v. Johnson*, 491 U.S. 397 (1989) (flagburning during political protest is protected speech).

This case involves a significant First Amendment issue: the preservation of a pleading standard in defamation cases that satisfies the First Amendment. The ACLU and the Center are well-positioned to submit an amicus brief on this issue. The ACLU has defended against defamation cases that improperly infringe upon First Amendment rights, both as counsel and amicus. *See, e.g., Green Grp. Holdings, LLC v. Schaeffer,* No. CV 16-00145-CG-N, 2016 WL 6023841 (S.D. Ala. Oct. 13, 2016); Order, *Energy Transfer Equity, LP v. Greenpeace International*, No. 1:17-cv-00173-BRW (D. N. Da. Feb. 14, 2019). As noted above, the Center has litigated numerous landmark First Amendment cases. In addition, proper resolution of this case is of immense concern to the ACLU and the Center, their civil rights clients seeking justice, and their members and donors.

Counsel for amicus has reached out to the parties concerning the filing of their amicus brief. Defendant consents to the filing, and Plaintiff opposes. If this motion is granted, there will be no delay in the proceedings. The proposed amicus brief and a proposed order are submitted as exhibits to this motion.

    Respectfully submitted,

    */s/ Randall C. Marshall*
    Randall C. Marshall
    Brock Boone
    ACLU Foundation of Alabama

P.O. Box 6179<br>
Montgomery, AL 36106<br>
T. 334. 420.1741<br>
rmarshall@aclualabama.org<br>
bboone@aclualabama.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance electronically: None.

<i>/s/ Randall C. Marshall</i><br>
Randall C. Marshall

4