**ADDENDUM TO SPLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

McInnes argues that several of the statements he challenges are "provably false statements of what purport to be plain facts published with actual malice by SPLC" and goes on to list twenty-two bullet-pointed statements, each citing a particular paragraph or paragraphs in the Complaint. Opp. at 34-38.  As it did in its Motion to Dismiss Addendum (Doc. 17-1), SPLC provides the chart below to address why each of the purportedly "false statements" laid out in the Opposition fails to provide the basis for a claim upon which relief can be granted. For the Court's ease of reference, the chart below organizes these statements into three categories:

- **Category 1 Statements** include those statements that are fully addressed in the Motion to Dismiss Addendum.

- **Category 2 Statements** include those statements where the underlying Complaint paragraphs cited by McInnes in his Opposition are fully addressed in the Motion to Dismiss Addendum, but where the Opposition mischaracterizes the allegations actually contained in those paragraphs.

- **Category 3 Statements** include those statements where the underlying allegations were not addressed in the Motion to Dismiss Addendum because they are not contained in the Complaint, but which (for a variety of reasons) nevertheless fail to state a claim.

Notably, the majority of the purportedly "false statements" listed in the Opposition fall into Category 1.  Despite the fact that the Motion to Dismiss Addendum provided a detailed explanation why each of these Category 1 statements should be dismissed, the Opposition chose not to engage *at all* with those legal arguments.  Rather than re-state them here, the chart below simply refers back to the Motion to Dismiss Addendum.[1]

---

[1] In addition, to avoid unnecessary repetition, the fact that McInnes has not pled actual malice with the requisite plausibility as to any of these statements is not included in this chart. This deficiency, however, applies to and provides an independent ground for dismissal of each of the twenty-two statements.  Reply at 23.

| | | | |
|---|---|---|---|
| **Category 1 Statements (fully addressed in Motion to Dismiss Addendum)** | | | |
| | **PURPORTEDLY FALSE STATEMENT** | **COMPLAINT PARAGRAPH(S) REFERENCED** | **PREVIOUSLY ADDRESSED** | **FURTHER EXPLANATION (IF NECESSARY)** |
| 1 | "[T]hat Mr. McInnes supported the infamous 'Charlottesville Rally.'" | ¶¶ 240-44; 285-87 | Addendum to SPLC Mot. (Doc. 17-1) at 4-5, 21-22 | N/A |
| 2 | "[T]hat Mr. McInnes is an anti-semite" | ¶¶ 245-50 | Addendum to SPLC Mot. (Doc. 17-1) at 6-7 | N/A |
| 3 | "[T]hat Mr. McInnes devised a recruiting ground for white supremacists and anti-Semites within the Far Right" | ¶¶ 245-50 | Addendum to SPLC Mot. (Doc. 17-1) at 6-7 | N/A |
| 4 | "[T]hat Mr. McInnes was a speaker at an 'anti-Muslim' event in 2017" | ¶ 281 | Addendum to SPLC Mot. (Doc. 17-1) at 20 | N/A |
| 5 | "[T]hat Mr. McInnes and the Proud Boys seek the opportunity to engage in street violence against people they disagree with." | ¶¶ 234, 238, 251-54, 282, 289 | Addendum to SPLC Mot. (Doc. 17-1) at 2-3, 8-9, 20-22 | N/A |
| 6 | "[T]hat Mr. McInnes is an 'Islamophobe' or hates Muslims." | ¶¶ 234, 239, 251, 259 | Addendum to SPLC Mot. (Doc. 17-1) at 2-3, 8, 11 | N/A |
| 7 | "[T]hat Mr. McInnes denigrated Muslims and called Asian Americans by calling them 'slopes' and 'riceballs'." | ¶ 256 | Addendum to SPLC Mot. (Doc. 17-1) at 10 | N/A |
| 8 | "[T]hat Mr. McInnes is a member or leader of the 'Alt Right' or 'Radical Right.'" | ¶¶ 257-62, 282-88 | Addendum to SPLC Mot. (Doc. 17-1) at 11-12, 21-23 | N/A |
| 9 | "[T]hat Mr. McInnes is an extremist who utilizes subterfuge and lies." | ¶¶ 282, 291 | Addendum to SPLC Mot. (Doc. 17-1) at 23 | N/A |
| 10 | "[T]hat Mr. McInnes commits, tolerates or promotes violence by encouraging the Proud | ¶¶ 263, 267 | Addendum to SPLC Mot. (Doc. 17-1) at 13-14 | N/A |

| Category 1 Statements (fully addressed in Motion to Dismiss Addendum) | | | | |
|---|---|---|---|---|
| | **PURPORTEDLY FALSE STATEMENT** | **COMPLAINT PARAGRAPH(S) REFERENCED** | **PREVIOUSLY ADDRESSED** | **FURTHER EXPLANATION (IF NECESSARY)** |
| | Boys to take out their aggression on political opponents." | | | |
| 11 | "[T]hat Mr. McInnes ever carried a weapon in New York City." | ¶¶ 279-80 | Addendum to SPLC Mot. (Doc. 17-1) at 19 | N/A |

| Category 2 Statements (mischaracterizing allegations fully addressed in Motion to Dismiss Addendum) | | | | |
|---|---|---|---|---|
| | **PURPORTEDLY FALSE STATEMENT** | **COMPLAINT PARAGRAPH(S) REFERENCED** | **PREVIOUSLY ADDRESSED** | **FURTHER EXPLANATION** |
| 1 | "[T]hat Mr. McInnes supported the infamous 'Charlottesville Rally.'" | ¶¶ 285-87 | Addendum to SPLC Mot. (Doc. 17-1) at 21-22 | These paragraphs do not support the "statement" for which McInnes now cites them, *i.e.* that he "supported" the Charlottesville rally. Instead, they address only whether members of the Proud Boys participated in the rally (¶¶ 285-86), as well as other statements about the Proud Boys unrelated to the rally (¶ 287). The actual statements alleged in these paragraphs are addressed in the Motion to Dismiss Addendum. |
| 12 | "[T]hat Mr. McInnes, as leader of the Proud Boys, threatened violence at a rally in the Pacific Northwest." | ¶¶ 270-73 | Addendum to SPLC Mot. (Doc. 17-1) at 15-16 | These paragraphs do not support the "statements" for which McInnes now cites them, *i.e.* that he "as leader of the Proud Boys threatened violence" at the rally in question. Instead, they relate only to McInnes's contention that he disavowed the rally and that therefore SPLC's reporting was defamatory. The actual statements alleged in these paragraphs are addressed in the Motion to Dismiss Addendum. |

| | | | |
|---|---|---|---|
| **Category 2 Statements (mischaracterizing allegations fully addressed in Motion to Dismiss Addendum)** | | | |
| | **PURPORTEDLY FALSE STATEMENT** | **COMPLAINT PARAGRAPH(S) REFERENCED** | **PREVIOUSLY ADDRESSED** | **FURTHER EXPLANATION** |
| 13 | "[T]hat the Proud Boys, under Mr. McInnes's guidance or encouragement, were the aggressors in the altercation that took place in New York City on October 13, 2018." | ¶¶ 274-78 | Addendum to SPLC Mot. (Doc. 17-1) at 17-19 | These paragraphs do not support the "statement" for which McInnes now cites them, *i.e.* that under McInnes' "guidance and encouragement" the Proud Boys "were the aggressors" in the altercation.  Instead, they address only specific aspects of SPLC's reporting on the incident, including the description of the Proud Boys as a "far right" group (¶ 275), the number of people involved in the incident (¶ 277), and the words spoken during the incident (¶ 278).  The actual statements alleged in these paragraphs are addressed in the Motion to Dismiss Addendum. |

| | | | |
|---|---|---|---|
| **Category 3 Statements (not addressed in Motion to Dismiss Addendum)** | | | |
| | **PURPORTEDLY FALSE STATEMENT** | **COMPLAINT PARAGRAPH(S) REFERENCED** | **FAILURE TO STATE A CLAIM** | **FURTHER EXPLANATION** |
| 14 | "[T]hat Mr. McInnes is associated with 'Vanguard America,' a 'white nationalist group.'" | ¶ 151 | Not reasonably capable of conveying the alleged defamatory meaning. (*See* SPLC Mot. § I.E.4.) | In ¶¶ 150-151, the Complaint itself cites SPLC's June 10, 2017, "Live Blog: ACT for Americas 'March Against Sharia' Rallies" article, *see* Holliday Decl. Ex. 21, which accurately reports that McInnes spoke at one of the referenced anti-Sharia rallies. *Id.* Ex. 21 at 26.<br><br>The article merely mentions Vanguard America in one paragraph as being in attendance at the New York rally and McInnes in the next as having spoken at the rally without in any way connecting the two or suggesting an association between them: |

| | Category 3 Statements (not addressed in Motion to Dismiss Addendum) | | | |
|---|---|---|---|---|
| | **PURPORTEDLY FALSE STATEMENT** | **COMPLAINT PARAGRAPH(S) REFERENCED** | **FAILURE TO STATE A CLAIM** | **FURTHER EXPLANATION** |
| | | | | "Vanguard America, another white nationalist group that conducts flyer campaigns on college campuses, was also in attendance at the New York rally. According to the *Washington Post*, Vanguard spokesman Francisco Rivera stated, 'I don't believe in having Muslims in the United States. Their culture is incompatible with ours.' |
| | | | | "Gavin McInnes, a right-wing commentator and founder of the Proud Boys spoke at the New York 'March Against Sharia.' One of the pillars of the March was the line 'we stand against the oppression of women.' However, McInnes a 'neo-masculine reactionary,' has made a number of blatantly misogynistic comments…" Holliday Decl. Ex. 21. |
| 15 | "[T]hat the Proud Boys, and by extension Mr. McInnes, threatened violence at a rally."[2] | ¶¶ 154-55 | Not reasonably capable of conveying the alleged defamatory meaning. (*See* SPLC Mot. § I.E.4.) <br><br> Non-actionable opinion. (*See* SPLC Mot. § I.E.1.) | The article at issue uses the word threat as follows: "This weekend, the threat of violence looms again." *What you need to know about the upcoming far-right rallies in the Pacific Northwest*, SPLC, Aug. 1, 2018 at 1-2. The phrase comes after a description of a previous rally involving the same groups (Proud Boys and Patriot Prayer) which police declared to be a riot. *Id.* at 1. The article never alleges that the Proud Boys actually threatened violence much less that McInnes did but rather that the general circumstances made violence a possibility including talk on "far-right web forums" "about guns and other weapons." *Id.* at 2. |

---

[2] These paragraphs reference the article *What you need to know about the upcoming far-right rallies in the Pacific Northwest*, SPLC, Aug. 1, 2018.  *See* Holliday Reply Decl. Ex. 1.

|  | Category 3 Statements (not addressed in Motion to Dismiss Addendum) | | | |
|---|---|---|---|---|
|  | PURPORTEDLY FALSE STATEMENT | COMPLAINT PARAGRAPH(S) REFERENCED | FAILURE TO STATE A CLAIM | FURTHER EXPLANATION |
| 16 | "[T]hat Mr. McInnes is anti-gay"[3] | ¶¶ 159-60 | Non-actionable opinion. (*See* SPLC Mot. § I.E.1.)<br><br>Substantially true (*See* SPLC Mot. § I.E.2) | This is a classic example of disclosed facts providing the basis for the challenged opinion.  The article provides multiple examples of McInnes using the word "faggot" or derivations thereof for at least the last 15 years. It discloses McInnes's position that his use of the word is not anti-gay, but the article—based on the undisputed facts disclosed therein (McInnes's use of the word in his own writing)—arrives at a different opinion—that McInnes has used the word to "outright describe[] gay men" and that "McInnes has routinely used the word as a synonym for weak or unmasculine. It's a term of contempt." *See* Holliday Reply Decl., Ex. 2 at 2.<br><br>Additionally, McInnes does not dispute the fact that he has used the word "faggot" for at least 15 years, rendering the article's actual statement substantially true. |
| 17 | "The false suggestion, via juxtaposition of Mr. McInnes's photograph with website copy, that he is involved in threatening, harassing, intimidating, defaming or violently attacking people different from himself." | ¶¶ 126-141 | Falsity and defamatory content described in the Opposition is not alleged in the Complaint.<br><br>Non-actionable opinion. (*See* SPLC Mot. § I.E.1.) | The alleged falsity ascribed to the website copy in the Opposition is different from that alleged in the Complaint. The Complaint alleges that the juxtaposition suggested that McInnes had taken part in violence, specifically a violent confrontation with the police. However, as explained below, the juxtaposition of the photograph with the text in question does not suggest that McInnes was involved in a violent confrontation, which is the basis for his Complaint's defamation claim.  Thus, McInnes has failed to allege the defamation that he now asserts in his Opposition.<br><br>In McInnes's Complaint, he contends that the photograph "suggest[s] he was part of a hate group involved in a violent confrontation with police." Compl. ¶ 130. The photograph, however, is (as McInnes points out) utterly distinguishable from the photographs above and below him which do depict violent confrontations. Compl. ¶¶ 127, 138. |

---

[3] These paragraphs reference the article by Nick Martin, *Proud Boys founder Gavin McInnes has been using the same anti-gay slur hurled in the NYC attack for at least 15 years*, SPLC, Oct. 19, 2018.  *See* Holliday Reply Decl. Ex. 2.

| | Category 3 Statements (not addressed in Motion to Dismiss Addendum) | | | |
|---|---|---|---|---|
| | PURPORTEDLY FALSE STATEMENT | COMPLAINT PARAGRAPH(S) REFERENCED | FAILURE TO STATE A CLAIM | FURTHER EXPLANATION |
| | | | | There is nothing about the photograph *of McInnes* that suggests violence. Every person in the photograph is both calm and peaceful and there are no police pictured. The text next to the photograph does not suggest that it depicts violence either—it reads "Just as the internet has created immense positive value by connecting people and creating new communities, it has also given new tools to those who want to threaten, harass, intimidate, defame, or even violently attack people different from themselves." Compl. ¶ 126 (image).<br><br>Even had the Complaint alleged that the juxtaposition at issue created the false suggestions described in the Opposition, those suggestions would plainly constitute non-actionable expressions of opinion.  *See generally* Reply at 15-19. |
| 18 | "The false suggestion, via juxtaposition of Mr. McInnes's photograph with website copy, that he is involved in hateful activities that incite or engage in violence, intimidation, harassment, threats, or defamation targeting an individual or group based on their actual or perceived race, color, religion, national origin, ethnicity, immigration status, gender, gender | ¶ 129 | Falsity and defamatory content described in the Opposition is not alleged in the Complaint.<br><br>Non-actionable opinion. (*See* SPLC Mot. § I.E.1.) | Same as Claim 17, above. |

7

| | Category 3 Statements (not addressed in Motion to Dismiss Addendum) | | | |
|---|---|---|---|---|
| | PURPORTEDLY FALSE STATEMENT | COMPLAINT PARAGRAPH(S) REFERENCED | FAILURE TO STATE A CLAIM | FURTHER EXPLANATION |
| | identity, sexual orientation, or disability." | | | |
| 19 | "The false suggestion that Mr. McInnes was involved in a New York City attack against gays" | ¶ 197 | Falsity and defamatory content described in the Opposition is not alleged in the Complaint.<br><br>Not reasonably capable of conveying the alleged defamatory meaning. (*See* SPLC Mot. § I.E.4.)<br><br>Substantially true.  (*See* SPLC Mot. § I.E.2.) | Paragraph 197 of the Complaint does not allege that this screenshot suggests McInnes was involved in a New York City attack against gays.  It states only that this and other screenshots are presented "typically with inflammatory, misleading or defamatory text superimposed on [them]."  *See* Reply at 24.<br><br>Moreover, the screenshot referenced in the Opposition is linked to an article entitled *Proud Boys founder Gavin McInnes has been using the same anti-gay slur hurled in the NYC attack for at least 15 years*.  *See* Holliday Reply Decl., Ex. 2.  Neither the article nor the headline assert or suggest that McInnes was involved in a New York City attack against gays.<br><br>Finally, McInnes does not dispute the fact that he has used the word "faggot" for at least 15 years, rendering the article's actual statement substantially true. |

| | Category 3 Statements (not addressed in Motion to Dismiss Addendum) | | | |
|---|---|---|---|---|
| | **PURPORTEDLY FALSE STATEMENT** | **COMPLAINT PARAGRAPH(S) REFERENCED** | **FAILURE TO STATE A CLAIM** | **FURTHER EXPLANATION** |
| 20 | "That Mr. McInnes commits, tolerates, or promotes violence and 'hate'." | ¶ 197 | Falsity and defamatory content described in the Opposition is not alleged in the Complaint. | The Opposition identifies three screenshots of SPLC articles, each of which McInnes contends demonstrate SPLC's "false claim" that he "commits, tolerates, or promotes violence."  However, the Complaint does not contain such allegations.  With respect to these screenshots, the Complaint states only that SPLC presents images of McInnes "typically with inflammatory, misleading or defamatory text superimposed on [them]."  Compl. ¶ 197. |
| 21 | "That Mr. McInnes commits, tolerates, or promotes violence." | ¶ 197 | Not reasonably capable of conveying the alleged defamatory meaning. (*See* SPLC Mot. § I.E.4.) | |
| 22 | "That Mr. McInnes commits, tolerates, or promotes violence." | ¶ 197 | Non-actionable opinion. (*See* SPLC Mot. § I.E.1.) | In addition, whether McInnes "commits, tolerates, or promotes violence" is self-evidently a non-actionable expression of opinion based on the facts disclosed in the articles themselves and information contained in the links contained in those articles.  *See generally* SPLC Mot. at 41-46; Reply at 15-19. |
| 22 | "That Mr. McInnes . . . committed copyright infringement." | ¶ 197 | Substantially true. (*See* SPLC Mot. § I.E.2) | The statement is substantially true because McInnes acknowledges in his Complaint that he was banned from YouTube for copyright infringement. Thus, the statement posted on December 11, 2018— that "YouTube Bans Gavin McInnes for . . . 'Copyright Infringement'"—is true. *See* Compl. ¶ 168 ("On December 10, 2018, Mr. McInnes was banned from YouTube on spurious grounds of copyright infringement concerning certain videos on his YouTube channel."). |