**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| GAVIN MCINNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:19-cv-00098-MHT-JTA |
| THE SOUTHERN POVERTY LAW | ) | |
| CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant SPLC respectfully submits this Notice to inform the Court of the recent decision of the United States District Court for the District of Maryland in *Allen v. Beirich*, No. 1:18-cv-3781-CCB, 2019 WL 5962676 (D. Md. Nov. 13, 2019) [*hereinafter "Allen"*].[1] This decision is relevant to SPLC's argument in this case that Plaintiff McInnes's suit must be dismissed on the basis that SPLC's "hate group" designations, as well as other statements published by SPLC containing descriptions such as "Islamophobe" and "racist," are constitutionally protected, non-actionable opinions rather than factual statements susceptible of being proven true or false.[2]

The defendants in *Allen* were SPLC and two of its employees, and a central issue in the case involved the actionability of SPLC's statements, made in an article on its website and in a publication referencing its 2016 Hate Map, associating Allen with racist beliefs and a racist political party. *Allen*, 2019 WL 5962676, at *1, *4. The court dismissed Allen's defamation and related tort claims, holding: "[T]he … article and 2016 Hate Map are protected by the First Amendment." *Id.* at *6. Specifically with regard to Allen's association with the political party

---

[1] A copy of the *Allen* memorandum opinion is submitted with this notice.

[2] *See* Doc. 17 at 41–43, 48–49.

1

characterized by SPLC as racist, the court first noted that Allen did not dispute SPLC's underlying factual assertion that he belonged to the party, and then held that SPLC's description of said party as "racist" was not actionable because it was not subject to being "proven as verifiably true or false." *Id.* (quoting *Squitieri v. Piedmont Airlines, Inc.*, No. 3:17-cv-441, 2018 WL 934829, at *4 (W.D.N.C. Feb. 16, 2018)).

Respectfully submitted this 14th day of November, 2019.

s/ Shannon Holliday
Shannon Holliday [ASB-5440-Y77S]
Robert D. Segall [ASB-7354-E68R]
Benjamin W. Maxymuk [ASB-9590-M67M]
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
Email:  holliday@copelandfranco.com
Email:  segall@copelandfranco.com
Email:  maxymuk@copelandfranco.com

**Attorneys for Defendant**
**Southern Poverty Law Center**

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

G. Baron Coleman
Baron Coleman Law Firm
P.O. Box 789
Montgomery, AL 36101-0789
Email: gbaroncoleman@gmail.com

Ronald D. Coleman
Lauren X. Topelsohn
Mandelbaum Salsburg PC
1270 Avenue of the Americas
Suite 1808
New York, NY 10020
Email: rcoleman@lawfirm.ms
Email: ltopelsohn@lawfirm.ms

Brock Boone
Randall Charles Marshall
ACLU of Alabama
P.O. Box 6179
Montgomery, AL 36106
Email: bboone@aclualabama.org
Email: rmarshall@aclualabama.org

                                        s/ Shannon L. Holliday
                                        Of Counsel