IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
GAVIN McINNES,                )
                              )
    Plaintiff,                )
                              )   CIVIL ACTION NO.
    v.                        )      2:19cv98-MHT
                              )         (WO)
THE SOUTHERN POVERTY LAW      )
CENTER, INC.,                 )
                              )
    Defendant.                )
```

OPINION AND ORDER

In reviewing the pending motion to dismiss, it came to the attention of the court that the allegations of the plaintiff's complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

The plaintiff's complaint fails to meet this standard in two ways. First, it provides the "residence" rather than the "citizenship" of plaintiff Gavin McInnes. An allegation that a party is a

"resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.") (citation omitted); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").[1]

Second, the complaint does not properly allege the citizenship of defendant Southern Poverty Law Center because it states the location of the defendant's "headquarters" rather than its "principal place of business." To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is necessary to allege distinctly and affirmatively all

---

1 "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. ... And domicile requires both residence in a state and 'an intention to remain there indefinitely....'" *Travaglio*, 735 F.3d 1266, 1269 (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257, 1258 (11th Cir. 2002)) (internal citation omitted).

2

the States by which the corporation has been incorporated *and* the State in which the corporation has its principal place of business. 28 U.S.C. § 1332(c); *see also American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).[2] While a corporation's headquarters will often be its principal place of business, that is not always the case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Accordingly, "simply using the term 'headquarters' in alleging federal diversity jurisdiction does not necessarily allege a company's principal place of business." *Capps v. Teva Pharms. USA, Inc.*, No. 3:21-CV-321-MMH-JBT, 2021 WL 1164818, at *2 (M.D. Fla. Mar. 26, 2021) (Howard, J.).

As jurisdiction has not been properly pleaded, the court will deny the motion to dismiss without prejudice

---

2. In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

and with leave to renew.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until September 27, 2021, to amend the complaint to allege jurisdiction sufficiently, *see* 28 U.S.C. § 1653; otherwise this lawsuit shall be dismissed without prejudice.

It is further ORDERED that the motion to dismiss (Doc. 17) is denied without prejudice and with leave to renew by two weeks after the date of the filing of the amended complaint.

DONE, this the 13th day of September, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE