**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **GAVIN MCINNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **2:19-cv-98-MHT-GMB** |
| **THE SOUTHERN POVERTY** | ) | |
| **LAW CENTER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT SOUTHERN POVERTY LAW CENTER, INC.'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Robert D. Segall [ASB-7354-E68R]
Shannon L. Holliday [ASB-5440-Y77S]
COPELAND FRANCO SCREWS & GILL, P.A.
Post Office Box 347
Montgomery, Alabama  36101-0347
Telephone: 334-834-1180
Facsimile: 334-834-3172
Email:  segall@copelandfranco.com
Email:  holliday@copelandfranco.com

Chad R. Bowman (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone:  202-661-2200
Facsimile:  202-661-2299
Email:  bowmanchad@ballardspahr.com
Email:  mishkinm@ballardspahr.com
Email:  duddings@ballardspahr.com

**Attorneys for Defendant
Southern Poverty Law Center, Inc.**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ............................................................................................................................2

I. THE SUPREME COURT AND ELEVENTH CIRCUIT PROVIDE
THE RULES OF DECISION FOR CONSTITUTIONAL LAW AND
CIVIL PROCEDURE ...................................................................................................2

II. MCINNES HAS NOT PLAUSIBLY ESTABLISHED THAT SPLC
PUBLISHED ANY CHALLENGED STATEMENT WITH ACTUAL MALICE ............3

    A.    McInnes's own denials and disavowals do not plausibly show
actual malice .......................................................................................................4

    B.    The Proud Boys' policies and bylaws likewise do not establish
actual malice .......................................................................................................5

    C.    McInnes's claims that SPLC "lacked evidence" for certain challenged
statements ignores the content of the articles that he has placed at
issue and flips the burden on its head .................................................................6

III. STATEMENTS ABOUT THE PROUD BOYS ARE BY DEFINITION
NOT, AS A MATTER OF LAW, "OF AND CONCERNING" MCINNES ......................7

IV. MCINNES ERRS IN HIS ARGUMENTS ABOUT THE HYPERLINK TO
THE PROUD BOYS' STATEMENT ON THE UNITE THE RIGHT RALLY.................8

V. THIS COURT CAN ADDRESS SPLC'S SUBSTANTIAL TRUTH
ARGUMENTS AT THE MOTION TO DISMISS STAGE................................................9

CONCLUSION.........................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................3

*Bonner v. City of Pritchard*,
    661 F.2d (11th Cir. 1981) ............................................................................................3

*Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*,
    6 F.4th 1247 (11th Cir. 2021) .....................................................................................3

*Fulani v. N.Y. Times Co.*,
    260 A.D.2d 215 (N.Y. App. Div. 1999) .....................................................................7

*Gasperini v. Center for Humanities, Inc.*,
    518 U.S. 415 (1996)......................................................................................................3

*Estate of King v. SPLC, Inc.*,
    2026 WL 50066 (M.D. Ala. Jan. 7, 2026) .................................................................2

*Michel v. NYP Holdings, Inc.*,
    816 F.3d 686 (11th Cir. 2016) ...........................................................................3, 4, 6

*N.Y. Times v. Sullivan*,
    376 U.S 254 (1964)......................................................................................................6

*Oxford Asset Management v. Jaharis*,
    297 F.3d 1182 (11th Cir. 2002) .................................................................................4

*Rosa & Raymond Parks Institute for Self Development v. Target Corp.*,
    812 F.3d 824 (11th Cir. 2016) ...................................................................................2

*Tannerite Sports, LLC v. NBCUniversal News Group*,
    864 F.3d 236 (2d Cir. 2017)........................................................................................9

*Three Amigos SJL Restaurant, Inc. v. CBS News Inc.*,
    28 N.Y.3d 83 (N.Y. Ct. App. 2016)...........................................................................7

**PRELIMINARY STATEMENT**

Plaintiff Gavin McInnes's Response ("Resp.," ECF 70) to Defendant SPLC's Motion to Dismiss ("Mot.") argues *non sequiturs*,[1] retreads the same conclusory arguments that this Court has already rejected, and makes clear errors of law. As such, the Response only reinforces that this Court should dismiss the Second Amended Complaint ("SAC"), just as it dismissed the First Amended Complaint. As SPLC has shown, McInnes failed to plead sufficient plausible facts to allege that SPLC published any of the ten statements that remain at issue in this lawsuit with the constitutionally required standard of actual malice fault. As separate and independent bases for dismissal, SPLC established that (1) multiple statements were not of-and-concerning McInnes; (2) nine of the ten statements were non-actionable expressions of opinion; (3) various statements, if read as statements of fact, were substantially true as a matter of law; (4) several statements failed to convey a defamatory meaning; and (5) any effect that the challenged statements may have had on McInnes's reputation would be incremental given the *unchallenged* portions of SPLC's articles.

The Response's new arguments fail as a matter of law.

**First**, McInnes ignores controlling Eleventh Circuit precedent previously cited by this Court, *see* ECF No. 57 ("Op. & Order") at 4, on whether a plaintiff has stated a claim for which relief can be granted generally and whether a public-figure libel plaintiff has plausibly alleged actual malice specifically. McInnes instead exclusively cites inapposite out-of-circuit decisions.

**Second**, McInnes insists that statements about the Proud Boys that plainly do not identify him are still of-and-concerning him given his leadership role in the group, but McInnes cites no precedent for the idea that any statement about a group is also of-and-concerning its leader.

---

[1] For example, the Response argues at length that New York's anti-SLAPP statute does not apply retroactively, Resp. at 5-12, even though SPLC's Motion did not invoke the statute.

1

**Third**, McInnes complains that one of the challenged SPLC articles includes a hyperlink that no longer works years after the article was first published. Regardless of whatever content that hyperlink might direct readers to today, McInnes cannot dispute that at the time it was published, which is the relevant time for purposes of defamation, the hyperlink fully disclosed to readers the factual bases for the SPLC's opinions.

**Fourth**, McInnes argues that the substantial truth of SPLC's statements should be adjudicated only after discovery, but that ignores McInnes's obligations to *plead* material falsity, not merely prove it. McInnes's failure to plausibly allege that SPLC's challenged statements are false should therefore be addressed at the motion to dismiss stage.

For each of these reasons and those set forth in its initial brief, SPLC respectfully requests that this Court dismiss the Second Amended Complaint with prejudice.

## ARGUMENT

### I. THE SUPREME COURT AND ELEVENTH CIRCUIT PROVIDE THE RULES OF DECISION FOR CONSTITUTIONAL LAW AND CIVIL PROCEDURE.

Because the Response repeatedly misapprehends which law provides the rules of decision for the various issues before this Court, a summary is warranted:

1) Because this Court is sitting in diversity, Alabama choice of law rule apply. Op. & Order at 19; *see also Rosa & Raymond Parks Inst. for Self Dev. v. Target Corp.*, 812 F.3d 824, 829 (11th Cir. 2016).

2) New York law governs McInnes's defamation and related claims, Op. & Order at 20, as "[c]ourts presume 'that a plaintiff suffers the brunt of [reputational] injury in their home state.'" *Estate of King v. SPLC, Inc.*, 2026 WL 50066, at *10 (M.D. Ala. Jan. 7, 2026).

3) Though New York law defines the basic elements of Plaintiff's defamation claim, "the First Amendment imposes additional limitations" governed by federal precedent of the Circuit

2

in which this Court sits.  Op. & Order at 28 (citing *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1252 (11th Cir. 2021)).

**4)**      On questions of civil procedure, the Supreme Court and Eleventh Circuit provide the controlling precedent.  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."). The claims in this matter thus are held to the pleading standards required by *Coral Ridge*, 6 F.4th 1247, *Michel v. NYP Holdings, Inc.*, 816 F.3d 686 (11th Cir. 2016), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The Second Circuit cases that McInnes cites on questions of constitutional and procedural law are inapposite.  *Compare* Resp. at 15 (arguing that the issue of actual malice should be assessed after the motion to dismiss stage, citing an unreported case from the U.S. District Court for the Western District of New York), *with Michel*, 816 F.3d at 702 ("[E]very circuit that has considered the matter has applied the *Iqbal*/*Twombly* standard and held that a defamation suit may be dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to give rise to a reasonable inference of actual malice.").  The various cases that McInnes cites from the Fifth Circuit are likewise not controlling, *see Bonner v. City of Pritchard*, 661 F.2d, 1206, 1207 (11th Cir. 1981) (Fifth Circuit decisions issued after October 1, 1981 are not controlling in the Eleventh Circuit), or frankly even relevant.

## II.      MCINNES HAS NOT PLAUSIBLY ESTABLISHED THAT SPLC PUBLISHED ANY CHALLENGED STATEMENT WITH ACTUAL MALICE.

As SPLC has shown, and McInnes cannot dispute, a public figure pursuing a defamation claim must "plausibly plead actual malice in accordance with the requirements set forth in *Iqbal* and *Twombly*."  *Michel*, 816 F.3d at 702.  This standard is met only when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although well-pleaded factual allegations must be accepted as true, the Court need not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

To plead actual malice, therefore, a plaintiff must allege *facts* "sufficient to give rise to a reasonable inference that the false statement was made 'with knowledge that it was false or with reckless disregard of whether it was false or not.'"  *Michel*, 816 F.3d at 702 (quoting *N.Y. Times v. Sullivan*, 376 U.S 254, 280 (1964)).  This standard is subjective, Op. & Order at 29-32, looking to whether a defendant "actually entertained serious doubts as to the veracity of the published account, or was highly aware that the account was probably false," and not from the vantage point of a reasonable person, *Michel*, 816 F.3d at 703.  McInnes fails to allege any *facts* in his Second Amended Complaint that meet this plausibility standard for pleading actual malice, and his Response cannot cure this failure.

### A.    McInnes's own denials and disavowals do not plausibly show actual malice.

In Count I, McInnes challenges SPLC's statement that he "full-heartedly support[ed]" the "Unite the Right" Rally, and McInnes insists that the Court can infer actual malice from SPLC's alleged knowledge of his supposed "disavowal" of the rally in an online statement.  *See* SAC ¶ 178; Resp. at 13.  Similarly, in Count II, McInnes takes issue with SPLC's statement that "others have described [the Proud Boys] as the military arm of the Alt-Right," and again his sole support for actual malice is an allegation that SPLC knew that he has "explicitly disavowed the Alt-Right and has described the Proud Boys as a social club, not a militant organization."  *See* SAC ¶ 191; Resp. at 13.  These alleged self-serving denials and disavowals—regardless of whether and when SPLC might have known about them—are insufficient to establish actual malice as a matter of law.  *See*

4

Op. & Order at 36-37 ("[A]llegations that a speaker knew of a plaintiff's denial of wrongdoing are insufficient to establish actual malice.") (quotation omitted). Indeed, as this Court recognized, under McInnes's flawed logic "any published statement denied by a public figure is, by virtue of that denial, published with actual malice." *Id*. at 36.

**B.      The Proud Boys' policies and bylaws likewise do not establish actual malice.**

For Counts III, V, and IX, McInnes relies on the similarly flawed argument that SPLC's statements were made with actual malice because of the Proud Boys' policies or bylaws. In Count III, McInnes challenges SPLC's statement that the Proud Boys "show[] up at pro-Trump rallies looking to rumble," arguing that SPLC published this statement with actual malice because rumbling is supposedly against the Proud Boys' policies. *See* SAC ¶¶ 198, 200; Resp. at 13. Similarly, in Count V, McInnes claims that SPLC's statement that "he devised, perhaps inadvertently, the most fertile 'in-real-life' recruiting grounds for white nationalists and anti-Semites within today's organized far-right" was made with actual malice because the Proud Boys' bylaws supposedly prohibit white supremacists and anti-Semites. *See* SAC ¶ 232; Resp. at 13-14. And in Count IX, which challenges SPLC's statement that the Proud Boys "simultaneously disavow the term 'white nationalism' and embrace its central tenets," McInnes asserts that SPLC was aware that the Proud Boy's bylaws purportedly prohibit white nationalism. *See* SAC ¶ 286; Resp. at 14. The mere existence of these bylaws and policies, however—again, offered regardless of whether SPLC had knowledge of them—does nothing to plausibly establish that SPLC doubted the veracity of *its own* statements, because these bylaws and policies are merely denials and disavowals in another form. Indeed, as to Count IX, highlighting the gap between the Proud Boys' supposed policy and the *practices* of its members in the real world was the very point of the challenged statement, *see id.* at 30.

5

**C.**      **McInnes's claims that SPLC "lacked evidence" for certain challenged statements ignores the content of the articles that he has placed at issue and flips the burden on its head.**

For Counts IV, VI, and X, McInnes alleges that SPLC published the respective challenged statements with actual malice because it supposedly lacked evidence to support its assertions. As a matter of law, this is insufficient. Op. & Order at 31. But it is also factually inaccurate based on the articles themselves. As to Count IV, SPLC has pointed directly to the evidence in prior reporting upon which it relied. *See* Mot. to Dismiss at 27. Similarly, for Counts VI and X, SPLC published the challenged statements with other reporting that supported the claims at issue—including *McInnes's own statements*. *See* Mot. to Dismiss at 28, 31. SPLC's express reliance on prior reporting and evidence within the articles in which the statements were found contradicts McInnes's bald assertion, legally insufficient as it is.

As to Count VII, McInnes alleges that SPLC published with actual malice when it reported that he "brought a samurai sword" to an October 2018 event because, according to McInnes, SPLC "had access to information showing the sword was a toy, not a real samurai sword." Resp. at 14. However, alleging the mere availability of potentially contradictory information does not, as a matter of law, plausibly establish subjective awareness of falsity, *i.e.*, actual malice. *See Michel*, 816 F.3d at 703; *Sullivan*, 376 U.S. at 287 (deeming irrelevant to the actual malice test "evidence that the *Times* published the advertisement without checking its accuracy against [potentially contradictory] news stories" even where those news stories were "in the *Times*' own files").

Finally, as to Count X, McInnes asserts that SPLC's statement that he attended an "anti-Muslim rally" was published with actual malice based on his belief that SPLC mischaracterized the nature of the rally, which he characterizes not as anti-*Muslim* but as anti-*Sharia*. Resp. at 14. As with his other denials and disavowals, however, McInnes's personal characterization of the

6

rally he attended has no bearing on whether SPLC doubted the truth of its *own* views about that same rally. *See* Mot. to Dismiss at 30 (citing Op. & Order at 35-36).

To survive a motion to dismiss under Rule 12(b)(6) as a public-figure libel plaintiff, McInnes was obligated to allege plausible *facts* sufficient to support the inference that SPLC actually entertained serious doubts as to the veracity of its statements or was highly aware that its statements were probably false. McInnes has not done so. The Second Amended Complaint, like its predecessors, offers conclusory assertions with virtually no factual support and allegations that cannot reasonably impute actual malice as a matter of law. The case should now be dismissed with prejudice.

## III.    STATEMENTS ABOUT THE PROUD BOYS ARE BY DEFINITION NOT, AS A MATTER OF LAW, "OF AND CONCERNING" MCINNES.

McInnes also errs in claiming that challenged statements about the Proud Boys are nevertheless "of and concerning" him, and therefore actionable for him, simply because he was the group's founder and leader. Resp. at 17. Notably, the Response identifies no case law supporting this theory. To the contrary, the applicable state law is clear that a defamatory statement must "include sufficient *particulars* of identification in order to be actionable by an individual." *Three Amigos SJL Rest., Inc. v. CBS News Inc.*, 28 N.Y.3d 83, 87 (N.Y. Ct. App. 2016) (emphasis added). McInnes does not cite any precedent for the proposition that an organization is synonymous with its leader for purposes of the of-and-concerning analysis, because the law is the opposite: statements solely about an organization cannot be challenged by an individual associated with that organization merely because the individual held a powerful position in the group. *See, e.g., Fulani v. N.Y. Times Co.*, 260 A.D.2d 215, 216 (N.Y. App. Div. 1999) (statement about a political group not "of and concerning" the individual plaintiff, even though she was a longtime member, former chair, and two-time Presidential candidate for the group). For this reason as well,

7

McInnes cannot establish that the statements challenged in Counts II, III, VI, IX, and X are of-and-concerning him, and those Counts should be dismissed with prejudice.

**IV.  MCINNES ERRS IN HIS ARGUMENTS ABOUT THE HYPERLINK TO THE PROUD BOYS' STATEMENT ON THE UNITE THE RIGHT RALLY.**

McInnes further misses the mark in insisting that his claim in Count I, over the SPLC's statement about his support for the Unite the Right rally, must survive a motion to dismiss simply because a hyperlink in the challenged article no longer works nearly a decade after it was published.  Resp. at 22-26.  McInnes cannot deny that from June 24, 2017, through the date of the Unite the Right rally on August 12, 2017—a period that includes when the SPLC published the article at issue on August 7, 2017—the linked-to page provided ample grounds for SPLC's characterization of McInnes as supporting the rally.  *See* Mot. to Dismiss at 24-25; *id.* at 10 n.49 (citing archived copy of linked-to page available on the Wayback Machine).  Indeed, the version of the Proud Boys page that McInnes now cites at footnotes 4-5 and displays at figure 2 of his Response brief dates to August 25, 2017—*after* the rally and *after* SPLC published its article.[2] McInnes's hyperlink-focused arguments thus do nothing to save his failed claim in Count I.

---

[2] Copies of the Proud Boys page from June 24, 2017 through August 12, 2017 are available at:

1) https://web.archive.org/web/**20170624**025909/http://officialproudboys.com/news/gavin-mcinnes-virginia-unite-the-right-rally-disavowed/ (June 24, 2017);

2) https://web.archive.org/web/**20170713**040951/http://officialproudboys.com/news/gavin-mcinnes-virginia-unite-the-right-rally-disavowed/ (July 13, 2017);

3) https://web.archive.org/web/**20170720**033405/http://officialproudboys.com/news/gavin-mcinnes-virginia-unite-the-right-rally-disavowed/ (July 20, 2017); and

4) https://web.archive.org/web/**20170812**145319/http://officialproudboys.com/news/gavin-mcinnes-virginia-unite-the-right-rally-disavowed/ (Aug. 12, 2017).

The version of the page that McInnes now cites, captured on August 25, 2017, is available at:

5) https://web.archive.org/web/**20170825**054121/http://officialproudboys.com/news/gavin-mcinnes-virginia-unite-the-right-rally-disavowed/ (August 25, 2017).

The bolded portion of each of the above URLs reflects the date of that particular archival copy.

**V.     THIS COURT CAN ADDRESS SPLC'S SUBSTANTIAL TRUTH ARGUMENTS AT THE MOTION TO DISMISS STAGE.**

Finally, while this Court can dismiss McInnes' Second Amended Complaint in full for failure to plausibly allege actual malice and thus need not address any of the independent and alternative grounds for dismissal, it bears note that McInnes errs in insisting that SPLC's substantial truth arguments may not be adjudicated at the motion to dismiss stage.  Resp. at 27. Because New York law governs McInnes's defamation claim and "falsity—or a lack of substantial truth—is an element of a New York defamation claim," McInnes "must plead facts demonstrating falsity to prevail on a motion to dismiss."  *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017).  McInnes cannot carry that burden because statements that McInnes challenges are supported by sources of which this Court may take judicial notice at the motion to dismiss stage.  *See* Mot. to Dismiss at 39; *id.* at 2 n.2.

<u>**CONCLUSION**</u>

For the foregoing reasons, and those set forth in its Motion to Dismiss, SPLC respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint in its entirety and with prejudice, and grant such other relief as it deems just and proper.

Dated:  January 21, 2026

Respectfully submitted,

Robert D. Segall [ASB-7354-E68R]
Shannon L. Holliday [ASB-5440-Y77S]
COPELAND, FRANCO, SCREWS
& GILL, P.A.
Post Office Box 347
Montgomery, AL  36101-0347
Tel:  334-834-1180 | Fax:  334-834-3172
Email:  segall@copelandfranco.com
Email:  holliday@copelandfranco.com

*/s/ Chad R. Bowman*
Chad R. Bowman (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel:  202-661-2200 | Fax:  202-661-2299
Email:  bowmanchad@ballardspahr.com
Email:  mishkinm@ballardspahr.com
Email:  duddings@ballardspahr.com

**Attorneys for Defendant
Southern Poverty Law Center, Inc.**

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of January, 2026, I caused a copy of the foregoing Reply Memorandum in Further Support of SPLC's Motion to Dismiss the Second Amended Complaint to be filed using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Chad R. Bowman*
Chad R. Bowman