**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

GAVIN McINNES,
     Plaintiff,

   - vs. -

SOUTHERN POVERTY LAW CENTER,
INC.,
     Defendant.

CIVIL ACTION NO.
2:19-cv-00098-MHT-JTA

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL INFORMATION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Plaintiff Gavin McInnes respectfully submits this notice to apprise the Court of a matter of public record that arose after the completion of briefing on Defendant's motion to dismiss the Second Amended Complaint and that bears directly on that motion.

On April 21, 2026, a federal grand jury sitting in this District returned an indictment charging Defendant Southern Poverty Law Center, Inc. (*"SPLC"*) with multiple counts of wire fraud, false statements to a federally insured bank, and conspiracy to commit money laundering.[1] In June 2026, the Government obtained a superseding indictment.[2] The indictment alleges, among other things, that over a period of years SPLC secretly directed more than three million dollars in donated funds to individuals associated with the very extremist organizations – including the Ku Klux Klan, Aryan Nations, and the National Socialist Party of America – that SPLC publicly held itself out as combating. The Government has characterized SPLC as having "manufactur[ed] the

---

[1] See United States v. Southern Poverty Law Center, Inc., No. 2:26-cr-00139-ECM-KFP (M.D. Ala.); U.S. Dep't of Justice, Office of Public Affairs, *Federal Grand Jury Charges Southern Poverty Law Center for Wire Fraud, False Statements, and Conspiracy to Commit Money Laundering* (Apr. 21, 2026), https://www.justice.gov/opa/pr/federal-grand-jury-charges-southern-poverty-law-center-wire-fraud-false-statements-and.

[2] *See United States v. Southern Poverty Law Center, Inc.,* No. 2:26-cr-00139-ECM-KFP (M.D. Ala.) (superseding indictment filed June 2, 2026).

1

extremism it purports to oppose by paying sources to stoke racial hatred," and has specifically alleged that SPLC funded leaders and organizers associated with the 2017 "Unite the Right" rally in Charlottesville, Virginia.

Plaintiff does not offer the foregoing for the truth of the Government's allegations – which SPLC denies and which remain to be adjudicated – but as a matter of public record of which this Court may take judicial notice. *See* Fed. R. Evid. 201(b); *Universal Express, Inc. v. U.S. SEC,* 177 F. App'x 52, 53 (11th Cir. 2006) (public records are among the materials a district court may consider on a motion to dismiss). A court may take notice of the existence of an indictment and other court records for the fact of their filing, though not for the truth of the matters asserted therein. *See United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994).

The development is relevant to the pending motion in two respects. First, it underscores the plausibility of the very actual-malice allegations that SPLC challenges. SPLC's motion rests in substantial part on the contention that no reasonable inference of actual malice can be drawn from the Second Amended Complaint, and that SPLC did no more than rely in good faith on disclosed sources. As Plaintiff has shown, the gravamen of the Second Amended Complaint is not a mere failure to investigate but the purposeful avoidance of the truth. *See Harte-Hanks Commc'ns, Inc. v. Connaughton,* 491 U.S. 657, 692 (1989). That a grand jury in this District has now charged that SPLC was itself paying and cultivating the very extremists whose conduct it attributed to Plaintiff – including organizers of the same "Unite the Right" rally that Plaintiff publicly disavowed, and that SPLC nonetheless reported he "full-heartedly supports" (Count I) – is a judicially noticeable public-record fact that supports, rather than undermines, the plausibility of those allegations at the pleading stage.

2

Second, the development bears on SPLC's recurring insistence that its challenged statements were protected opinion grounded in accurately disclosed facts. The premise of that defense is that SPLC honestly believed, and faithfully conveyed, what its sources showed. The public record now reflects a federal charge that SPLC's relationship to the extremist milieu it was covering was not that of the disinterested observer its motion supposes. Whether that is so is a question of fact; that it is now squarely raised by a public charging instrument in this District is reason enough to bring it to the Court's attention.

Plaintiff does not rely on the indictment to supplement the allegations of the Second Amended Complaint, which is sufficient on its own terms for the reasons set forth in Plaintiff's opposition. Plaintiff submits this notice solely so that the Court is apprised of a significant, judicially noticeable development in this District concerning the Defendant, and may consider it, to the extent appropriate, in connection with the pending motion.

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of the existence of the indictment and the superseding indictment and deny Defendant's motion to dismiss the Second Amended Complaint.

Respectfully submitted,

**BARON COLEMAN LAW FIRM**

/s/ G. Baron Coleman
G. Baron Coleman
18117 Biscayne Blvd # 60460
Miami, FL 33160
334-625-9097
baron@baroncoleman.com

**COLEMAN LAW FIRM, PC**

Ronald D. Coleman

3

*(Pro hac vice)*
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com
*Attorneys for Plaintiff*
*Gavin McInnes*

Dated:  June 4, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will transmit notification of such filing to all counsel of record.

_____
Ronald D. Coleman

4