**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION**

| | | |
|---|---|---|
| **GAVIN MCINNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **2:19-cv-98-MHT-GMB** |
| **THE SOUTHERN POVERTY LAW CENTER, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT SOUTHERN POVERTY LAW CENTER, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR A STATUS CONFERENCE**

Defendant Southern Poverty Law Center, Inc. ("SPLC"), by and through counsel, respectfully submits this response to Plaintiff Gavin McInnes's Motion for a Status Conference (ECF 74). Plaintiff does not offer any valid basis for the Court to hold a status conference while SPLC's motion to dismiss the Second Amended Complaint remains pending. Instead, Plaintiff apparently seeks another opportunity, like in his prior "Notice of Supplemental Information" (ECF 73), to inform this Court of the already-well-reported fact that the U.S. Department of Justice is pursuing criminal charges against SPLC.[1]

Plaintiff claims that the federal government's criminal prosecution of SPLC "bears on the motion," ECF 74 at 1, but that is incorrect. As Plaintiff himself wrote in his prior Notice, the Court can "take notice of the existence of an indictment and other court records for the fact of their filing, though *not for the truth of the matters asserted therein*." *See* ECF 73 at 2 (emphasis added) (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)). Yet Plaintiff incorrectly insists, on

[1] Plaintiff previously noted that SPLC denies DOJ's allegations. ECF 73 at 2. To be more precise, SPLC has pleaded not guilty to all charges. *See United States v. SPLC*, Case No. 2:26-cr-139-ECM-KFP (M.D. Ala.), ECF 33.

the other hand, that the Court should consider the *substance* of the charges in the indictment in assessing the plausibility of Plaintiff's allegations regarding actual malice in this unrelated civil case. *Id.* Plaintiff likewise urges the Court to improperly infer, based on the *substance* of the charges, that SPLC's challenged speech consists of statements of fact rather than protected expressions of opinion. *Id.* at 3. The Court should decline Plaintiff's invitation on both points.

The contested charges asserted in DOJ's indictment should have no effect at all on this Court's decision on the pending motion to dismiss in this matter. Plaintiff has therefore presented no basis for the Court to convene a status conference prior to issuing that decision.

Dated: August 17, 2026

Respectfully submitted,

*/s/ Chad R. Bowman*

Chad R. Bowman (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: 202-661-2200 | Fax: 202-661-2299
Email: bowmanchad@ballardspahr.com
Email: mishkinm@ballardspahr.com
Email: duddings@ballardspahr.com

Robert D. Segall [ASB-7354-E68R]
Shannon L. Holliday [ASB-5440-Y77S]
COPELAND, FRANCO, SCREWS
& GILL, P.A.
Post Office Box 347
Montgomery, AL 36101-0347
Tel: 334-834-1180 | Fax: 334-834-3172
Email: segall@copelandfranco.com
Email: holliday@copelandfranco.com

**Attorneys for Defendant**
**Southern Poverty Law Center, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of August, 2026, I caused a copy of the foregoing Response to Plaintiff's Motion for a Status Conference to be filed using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Chad R. Bowman*
Chad R. Bowman